JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising a single assignment of error, defendant-appellant William T. Means appeals from his conviction for two counts of possession of cocaine, violations of R.C. 2925.11(A), following his plea of no contest. Means was seized by police officers after a controlled drug buy was conducted in a convenience store parking lot. The controlled buy had been arranged by Sherry Jackson, a police informant. Means asserts that the trial court erred in denying his motion to suppress cocaine seized from the glove box of a vehicle in which he was riding, and subsequently from his home. He claims that since all the information the police possessed prior to seizing him came from an unreliable informant, the police lacked probable cause to search.
In July 1999, the trial court held a lengthy hearing on the motion which included, inter alia, the testimony of the investigating and arresting officers, and of retired police officers who questioned Jackson's reputation for truthfulness. The motion was orally overruled by the trial court at a September 8, 1999, hearing.
Review of the trial court's decision to deny the motion to suppress entails a two-step inquiry. First, this court must review the trial court's findings of historical fact only for clear error, "giv[ing] due weight to inferences drawn from those facts" by the trial court. Ornelas v. United States (1996),517 U.S. 690, 699, 116 S.Ct. 1657, 1663; see State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972, 982; see, also, State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Next, accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusions, whether they meet the applicable legal standard. See Ornelas v. United States.
Here, because the credibility of witnesses was primarily for the trial court to determine, the trial court's findings of fact were not clearly erroneous. The court heard telephone conversations, recorded on a police telephone, in which Jackson arranged a controlled drug buy from an intermediary. Testimony was adduced that the intermediary was to obtain the cocaine from an African-American male in the convenience store parking lot. The arresting officers were informed that Jackson would unzip her jacket when she spotted the cocaine.
The record further reveals that on December 14, 1998, Means and another waited in a vehicle in the specified convenience store lot until approached by Jenkins and the intermediary. Several minutes later, Jenkins stepped away from the vehicle and unzipped her jacket. Means and his companion drove away from the scene and were seized when they parked at a nearby auto lot. A search of the vehicle revealed the cocaine.
The trial court, after making the determination of historical fact, correctly held the officers had probable cause to search and arrest Means. The informant's representations taken together with Means's observable conduct, as a matter of law, provided a prudent officer with probable cause sufficient to conclude that Means was engaged in criminal activity and thus to arrest him. See State v.Strong (Feb. 18, 2000), Hamilton App. No. C-971036, unreported. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ____________ Gorman, P.J.
Sundermann and Winkler, JJ.